IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RONALD C. COOK,

    Petitioner,                    No. CIV S-11-1696 GGH P

   vs.

KATHLEEN L. DICKINSON,        ORDER

    Respondent.

_____/

        Petitioner, a state prisoner proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, that challenged the 2009 decision by the California Board of Parole Hearings (BPH) finding him unsuitable for parole. Petitioner consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. section 636(c). Doc. 3. This petition was denied at screening on August 24, 2011, and judgment entered accordingly in light of <u>Swarthout v. Cooke</u>, ___ U.S. ___, 131 S. Ct. 859, 861 (2011).

        On September 21, 2011, petitioner filed a motion for reconsideration, that the court construes as motion pursuant to Fed. R. Civ. P. 60(b), for relief from final judgment. Under Rule 60(b), a party may seek relief from judgment and to re-open his case in limited circumstances, "including fraud, mistake, and newly discovered evidence." <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 528, 125 S.Ct. 2641 (2005). A purported Rule 60(b) motion seeking to reopen the

1

judgment of an initial habeas petition brought pursuant to 28 U.S.C. § § 2254, 2255 is in essence a successive petition, under 28 U.S.C. § 2244(b) where it "seeks to add a new ground for relief," or "if it attacks the federal court's previous resolution of a claim on the merits ..." Gonzalez, at 532. "[A] 'claim' as used in § 2244(b) is an asserted federal basis for relief from a state court's judgment of conviction." Id., at 530.

Petitioner contends that the decision finding him unsuitable for parole was based on "clear and convincing evidence," not the "some evidence" standard. Regardless, this court cannot review the claim as the Ninth Circuit recently noted that in light of Swarthout v. Cooke, certain Ninth Circuit jurisprudence had been reversed and "there is no substantive due process right created by California's parole scheme." Roberts v. Hartley, 640 F.3d 1042, 1046 (9th Cir. 2011).

To the extent petitioner wishes to file a new petition he must obtain an order from the Ninth Circuit authorizing the district court to consider this successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for relief from judgment pursuant to Rule 60(b), Doc. 6, is denied.

DATED: October 13, 2011

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH: AB
cook1696.60